UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| 1515 EAST UNION CONDOMINIUM ASSOCIATION, a Washington Non-Profit Corporation,<br><br>Plaintiff,<br><br>v.<br><br>ALLSTATE INSURANCE COMPANY, an Illinois Corporation; and DOE INSURANCE COMPANIES 1-10,<br><br>Defendants. | NO.<br><br>COMPLAINT FOR DECLARATORY RELIEF, BREACH OF CONTRACT, BAD FAITH, CONSUMER PROTECTION ACT VIOLATIONS, INSURANCE FAIR CONDUCT ACT VIOLATIONS, AND DAMAGES<br><br>JURY DEMAND |

The 1515 East Union Condominium Association (the "Association") alleges as follows:

**I.      INTRODUCTION**

1.1     This is an action for declaratory judgment (including money damages), breach of contract, bad faith, Consumer Protection Act ("CPA") violations, Insurance Fair Conduct Act ("IFCA") violations, and money damages seeking:

(A)     A declaration of the rights, duties and liabilities of the parties with respect to certain controverted issues under Allstate Insurance Company's ("Allstate") policies issued to the Association. The Association is seeking a ruling that each of Allstate's policies provide coverage for hidden damage at the 1515 East Union Condominium complex and that Allstate is liable for

COMPLAINT FOR DECLARATORY RELIEF, BREACH OF CONTRACT, BAD FAITH, CONSUMER PROTECTION ACT VIOLATIONS, INSURANCE FAIR CONDUCT ACT VIOLATIONS, AND DAMAGES - 1

STEIN, SUDWEEKS & STEIN, PLLC
2701 FIRST AVE., SUITE 430
SEATTLE, WA 98121
PHONE 206.388.0660 FAX 206.286.2660

money damages for the cost of repairing hidden damage at the 1515 East Union Condominium complex.

(B)     Attorneys' fees (including expert witness fees) and costs.

(C)     Money damages for the cost of repairing covered damage, bad faith, breach of contract, and violations of both the CPA and the IFCA.

(D)     Any other relief the Court deems just and equitable.

## II.     PARTIES AND INSURANCE CONTRACTS

2.1     <u>The Association</u>. The Association is a nonprofit corporation organized under the laws of the state of Washington with its principal place of business located in Seattle, Washington. The Association has the duty to maintain the common elements and any limited common elements of the 1515 East Union Condominium complex located at 1515 East Union Street, Seattle, Washington 98122 which is a multi-family building consisting of ten units.

2.2     <u>Allstate</u>. Allstate Insurance Company ("Allstate") is domiciled in Illinois with its principal place of business in Northbrook, Illinois.  Allstate issued insurance policies to the Association including but not limited to Policy No. 050105130 (in effect from at least June 28, 1985 to June 28, 1995). The Association is seeking coverage against all Allstate policies issued to the Association.

2.3    <u>Doe Insurance Companies 1–10.</u>  Doe Insurance Companies 1–10 are currently unidentified entities who, on information and belief, sold insurance policies to the Association that identify the 1515 East Union Condominium complex as covered property.

2.4     <u>1515 East Union Insurers</u>.  Allstate and Doe Insurance Companies 1–10 shall be collectively referred to as the "1515 East Union Insurers."

2.5     <u>1515 East Union Policies</u>. The policies issued to the Association by the 1515 East Union Insurers shall be collectively referred to as the "1515 East Union Policies."

///

///

COMPLAINT FOR DECLARATORY RELIEF, BREACH OF CONTRACT, BAD FAITH, CONSUMER PROTECTION ACT VIOLATIONS, INSURANCE FAIR CONDUCT ACT VIOLATIONS, AND DAMAGES - 2

STEIN, SUDWEEKS & STEIN, PLLC
2701 FIRST AVE., SUITE 430
SEATTLE, WA 98121
PHONE 206.388.0660 FAX 206.286.2660

## III. JURISDICTION AND VENUE

3.1  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 (diversity jurisdiction) as the parties are completely diverse in citizenship and the amount in controversy exceeds $75,000.

3.2  Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) as the 1515 East Union Insurers marketed and sold insurance to the Association in King County; a substantial part of the events giving rise to the claim, including the breach of contract, occurred in King County; and the insured condominium building is located in King County.

## IV. FACTS

4.1  <u>Incorporation by Reference</u>. The Association re-alleges the allegations of paragraphs 1.1 through 3.2, above, as if fully set forth herein.

4.2  <u>Tender to 1515 East Union Insurers</u>.  On May 29th and June 1st, 2018, Trinity ERD ("Trinity") performed a limited intrusive investigation at the 1515 East Union Condominium complex. Trinity produced an Exterior Envelope Assessment of its findings (the Trinity Report) dated August 21, 2018, which indicated that there was significant water intrusion and damage at the 1515 East Union Condominium complex.  On May 24, 2019, the Association tendered a claim to Allstate for the cost of repairing the hidden damage discovered by Trinity. As part of its claim tender, the Association asked Allstate to investigate for other hidden damage that may exist at the 1515 East Union Condominiums not detailed in the Trinity report. It is the Association's understanding from its construction experts that the cost to repair these hidden damages exceeds the jurisdictional limit of $75,000. The Association also requested that Allstate enter into a tolling agreement with the Association. Allstate entered into a tolling agreement with the Association effective the date of the May 24, 2019 tender.

4.3  <u>Joint Intrusive Investigation.</u>  On November 18th and 19th, 2019, the Association and 1515 East Union Insurers took part in a joint intrusive investigation of the 1515 East Union Condominium complex (the "JII"). The JII was conducted by Evolution Architecture ("Evolution")

COMPLAINT FOR DECLARATORY RELIEF, BREACH OF CONTRACT, BAD FAITH, CONSUMER PROTECTION ACT VIOLATIONS, INSURANCE FAIR CONDUCT ACT VIOLATIONS, AND DAMAGES - 3

STEIN, SUDWEEKS & STEIN, PLLC
2701 FIRST AVE., SUITE 430
SEATTLE, WA 98121
PHONE 206.388.0660 FAX 206.286.2660

with the assistance of McBride Construction ("McBride"). The JII consisted of nine openings that were made and documented by all parties present. Hidden water damage was observed at all nine of the openings. In its Building Envelope Investigation Findings Report, dated December 11, 2019 (the "Evolution Report"), Evolution opined that water intrusion in the form of rainwater events, including wind-driven rain was the primary cause of the hidden water damage identified. Secondary causal factors that contributed to the presence of hidden water damage pertained to faulty or inadequate construction. Furthermore, hidden damage was found to have occurred incrementally and progressively each year since 1981. It is the opinion of Evolution that similar levels of damage would be found at other locations not investigated. The Association has made the Evolution Report available to the 1515 East Union Insurers.

4.4   Allstate's Denial of the Association's Claim and IFCA Letter to Allstate.  On March 26, 2020, Allstate unreasonably denied the Association's insurance claim. Pursuant to the IFCA, the Association provided written notice to Allstate on April 23, 2020, which explained why Allstate's coverage denial was unreasonable. The Association's IFCA letter explained that, among other deficiencies, Allstate's denial was unreasonable in that its grounds for denying coverage ignored relevant Washington case law that previously interpreted the same Allstate policy forms in favor of coverage. Allstate responded to the Association's IFCA letter on or About May 7, 2020. Instead of correcting its denial, Allstate doubled down on its unreasonable position and refused to correct its denial letter and accept coverage for the Association's claim.

### V.   FIRST CLAIM AGAINST 1515 EAST UNION INSURERS: DECLARATORY RELIEF THAT THE 1515 EAST UNION POLICIES PROVIDE COVERAGE

5.1   Incorporation by Reference. The Association re-alleges and incorporates by reference the allegations of paragraphs 1.1 through 4.4, above, as if fully set forth herein.

5.2   Declaratory Relief. The Association seeks declaratory relief from the Court in the form of determinations regarding the following disputed issues:

COMPLAINT FOR DECLARATORY RELIEF, BREACH OF CONTRACT, BAD FAITH, CONSUMER PROTECTION ACT VIOLATIONS, INSURANCE FAIR CONDUCT ACT VIOLATIONS, AND DAMAGES - 4

STEIN, SUDWEEKS & STEIN, PLLC
2701 FIRST AVE., SUITE 430
SEATTLE, WA 98121
PHONE 206.388.0660 FAX 206.286.2660

(A)   The 1515 East Union Policies cover the hidden damage at the 1515 East Union Condominium complex.

(B)   No exclusions, conditions, or limitations bar coverage under the 1515 East Union Policies.

(C)   As a result, the 1515 East Union Policies cover the cost of repairing the hidden damage at the 1515 East Union Condominium complex as well as the cost to investigate for hidden damage at the 1515 East Union Condominium complex.

## VI.   SECOND CLAIM: AGAINST ALLSTATE FOR BREACH OF CONTRACT

6.1   <u>Incorporation.</u>  The Association re-alleges and incorporates by reference the allegations of paragraphs 1.1 through 5.2, above, as if fully set forth herein.

6.2   Allstate has contractual duties under the terms of its policy and/or policies to pay the cost of investigating and repairing the covered damage to the 1515 East Union Condominium complex.

6.3   Allstate breached its contractual duties by wrongfully denying coverage on March 26, 2020, and by failing to pay the cost of repairing the covered damage to the 1515 East Union Condominium complex.

6.4   As a direct and proximate result of Allstate's breach of its contractual duties the Association has been damaged in an amount to be proven at trial.

6.5   <u>Additional Damages</u>. As a direct and proximate result of Allstate's breach of its contractual duties, the Association has been forced to incur attorneys' fees, expert costs, investigation costs and other expenses in order to prosecute this action, the sole purpose of which is to obtain the benefits of the Association's insurance contracts.

## VII.   THIRD CLAIM: AGAINST ALLSTATE FOR INSURANCE BAD FAITH

7.1   <u>Incorporation by Reference</u>. The Association re-alleges and incorporates by reference the allegations of paragraphs 1.1 through 6.5, above, as if fully set forth herein.

COMPLAINT FOR DECLARATORY RELIEF, BREACH OF CONTRACT, BAD FAITH, CONSUMER PROTECTION ACT VIOLATIONS, INSURANCE FAIR CONDUCT ACT VIOLATIONS, AND DAMAGES - 5

STEIN, SUDWEEKS & STEIN, PLLC
2701 FIRST AVE., SUITE 430
SEATTLE, WA 98121
PHONE 206.388.0660 FAX 206.286.2660

7.2     The business of insurance is one affected by the public interest, requiring that all persons be actuated by good faith, abstain from deception, and practice honesty and equity in all insurance matters. RCW 48.01.030. An insurer has a duty to act in good faith. This duty requires an insurer to deal fairly with its insured. The insurer must give equal consideration to its insured's interest and its own interest and must not engage in any action that demonstrates a greater concern for its own financial interest than its insured's financial risk. An insurer who does not deal fairly with its insurer, or who does not give equal consideration to its insured's interest, fails to act in good faith.

7.3     The duty of good faith requires an insurer to conduct a reasonable investigation before refusing to pay a claim submitted by its insured. An insurer must also have a reasonable justification before refusing to pay a claim. An insurer who refuses to pay a claim, without conducting a reasonable investigation or without having a reasonable justification, fails to act in good faith.

7.4     Allstate had a duty to investigate, evaluate, and decide the Association's claim in good faith. Allstate breached its duty by unreasonably investigating, evaluating, and/or denying the claim by, among other things: (1) failing to acknowledge that weather conditions such as rain or wind-driven rain were one of the causes of the hidden damage at the 1515 East Union Condominium complex; (2) failing to acknowledge that weather conditions such as rain and wind-driven rain are covered causes of loss under its policy(s); (3) failing to acknowledge that there is coverage under its policy(s) when damage results from a concurrent combination of rain and bad construction or wear and tear; (4) failing to acknowledge that there is coverage under the resulting loss clause in its policy(s); and (5) failing to define terms in the Allstate policy pursuant to the plain meaning of the terms.

In addition, Allstate ignores case law in the Western District of Washington that is directly contrary to the coverage position taken by Allstate by, among other things, refusing to follow the decision in *Greenlake Condo. Ass'n v. Allstate Ins. Co.*, No. C14-1860 BJR, 2015 U.S. Dist. LEXIS 184729 (W.D. Wash. Dec. 23, 2015), which ruled that the same Allstate Customizer policy

COMPLAINT FOR DECLARATORY RELIEF, BREACH OF CONTRACT, BAD FAITH, CONSUMER PROTECTION ACT VIOLATIONS, INSURANCE FAIR CONDUCT ACT VIOLATIONS, AND DAMAGES - 6

STEIN, SUDWEEKS & STEIN, PLLC
2701 FIRST AVE., SUITE 430
SEATTLE, WA 98121
PHONE 206.388.0660 FAX 206.286.2660

forms issued to the Association cover: (1) wind-driven rain; (2) repeated leakage of water; (3) damage to exterior wall sheathing and framing caused by a combination of rain and inadequate construction; and (4) water damage resulting from inadequate construction or maintenance. Allstate's self-serving denial does not comport with Washington law or the plain meaning of its own policy language and put Allstate's financial interest ahead of the Association's to the Association's detriment.

7.5   A violation, if any, of one or more of the Washington claim handling standards set forth below is a breach of the duty of good faith, an unfair method of competition, an unfair or deceptive act or practice in the business of insurance, and a breach of the insurance contract. Allstate's conduct violated Washington claim handling standards:

- Which require it to fully disclose all pertinent coverages.
- Which prohibit misrepresentations regarding relevant facts (e.g. the cause of damages) or coverage.
- Which prohibit the practice of refusing to pay claims without conducting a reasonable investigation.
- Which require Allstate to provide a reasonable explanation of the relevant facts, law, and policy language and how its policy language supported a denial of the Association's claim.
- Which require Allstate to adopt and implement reasonable standards for the prompt investigation of claims.

7.6   Allstate's actions and omissions, including but not limited to its denial of coverage, were unreasonable, unfounded, and frivolous under the circumstances and constitute a breach of Allstate's duty of good faith. As a direct and proximate result of the breaches, the Association has been damaged in an amount to be proven at trial.

## VIII.   FOURTH CLAIM: AGAINST ALLSTATE FOR VIOLATIONS OF THE CONSUMER PROTECTION ACT

8.1   Incorporation by Reference. The Association re-alleges and incorporates by reference the

COMPLAINT FOR DECLARATORY RELIEF, BREACH OF CONTRACT, BAD FAITH, CONSUMER PROTECTION ACT VIOLATIONS, INSURANCE FAIR CONDUCT ACT VIOLATIONS, AND DAMAGES - 7

STEIN, SUDWEEKS & STEIN, PLLC
2701 FIRST AVE., SUITE 430
SEATTLE, WA 98121
PHONE 206.388.0660 FAX 206.286.2660

allegations of paragraphs 1.1 through 7.6, above, as if fully set forth herein.

8.2     Violations of claims handling standards provided under the WAC are per se CPA violations. On information and belief, the conduct of Allstate was deceptive, impacted the public, and had the capacity to deceive. The Association is a consumer. As a direct and proximate result of Allstate's violations, the Association has been damaged in an amount to be proven at trial. The Association is entitled to damages, CPA penalties of up to $25,000.00 per violation, and attorneys' fees under the CPA.

IX.    **FIFTH CLAIM: AGAINST ALLSTATE FOR VIOLATIONS OF THE INSURANCE FAIR CONDUCT ACT**

9.1     <u>Incorporation by Reference.</u>   The Association re-alleges and incorporates by reference Paragraphs 1.1 through 8.2, above, as if fully set forth herein.

9.2     The Association is a first party claimant asserting a right to payment as a covered person under an insurance policy or insurance contract arising out of the occurrence of a contingency or loss covered by such a policy. Allstate's denial of the Association's claim was unreasonable. Pursuant to the IFCA, the Association provided written notice to Allstate and its IFCA cause of action and explained in detail why Allstate's coverage denial was unreasonable. Allstate failed to resolve the basis for the Association's IFCA claim within twenty (20) days of the Association's notice.

9.3     The Association has been injured by Allstate's failure to change its unreasonable denial of coverage. The Association is entitled to attorneys' fees and a discretionary award of enhanced damages that "increases the total award of damages to an amount not to exceed three times the actual damage."

X.    **PRAYER FOR RELIEF**

WHEREFORE, the Association prays for judgment as follows:

10.1    <u>Declaratory Judgment Regarding Coverage.</u>   A declaratory judgment that the 1515 East Union Policies provide coverage as described herein.

COMPLAINT FOR DECLARATORY RELIEF, BREACH OF CONTRACT, BAD FAITH, CONSUMER PROTECTION ACT VIOLATIONS, INSURANCE FAIR CONDUCT ACT VIOLATIONS, AND DAMAGES - 8

STEIN, SUDWEEKS & STEIN, PLLC
2701 FIRST AVE., SUITE 430
SEATTLE, WA 98121
PHONE 206.388.0660 FAX 206.286.2660

10.2    <u>Money Damages.</u>  For money damages against each of the 1515 East Union Insurers for the cost of investigating and repairing hidden damage at the 1515 East Union Condominium complex in an amount to be proven at trial, as well as money damages against Allstate for breach of the duty of good faith in an amount to be proven at trial.

10.3    <u>Attorneys' Fees and Costs of Suit</u>.  For reasonable attorneys' fees (including expert fees). *See Olympic Steamship Co. v. Centennial Ins. Co.*, 117 Wn.2d 37, 811 P.2d 673 (1991), and RCW 48.30.015.

10.4    <u>CPA Penalties.</u>  For CPA penalties against Allstate of up to $25,000 per violation.

10.5    <u>Enhanced IFCA Damages.</u>  For a discretionary award of enhanced IFCA damages against Allstate that "increase the total award of damages to an amount not to exceed three times the actual damage."

10.6    <u>Other Relief</u>.  For such other and further relief as the Court deems just and equitable.

## XI.    DEMAND FOR JURY TRIAL

11.1    Pursuant to Rule 38 of the Federal Rules of Civil Procedure, the Association demands trial by jury in this action of all issues so triable.

Dates the 13th day of May, 2020.

**STEIN, SUDWEEKS & STEIN, PLLC**

<u>/s/ *Jerry H. Stein*</u>
<u>/s/ *Justin D. Sudweeks*</u>
<u>/s/ *Daniel J. Stein*</u>
<u>/s/ *Colin R.Crug*</u>
Jerry H. Stein, WSBA #27721
Justin D. Sudweeks, WSBA #28755
Daniel J. Stein, WSBA #48739
Colin R. Crug, WSBA #52743
2701 First Avenue, Suite 430
Seattle, WA 98121
Email: jstein@condodefects.com
Email: justin@condodefects.com
Email: dstein@condodefects.com
Email: colin@condodefects.com
Telephone: (206) 388-0660
Facsimile: (206) 286-2660

COMPLAINT FOR DECLARATORY RELIEF, BREACH OF CONTRACT, BAD FAITH, CONSUMER PROTECTION ACT VIOLATIONS, INSURANCE FAIR CONDUCT ACT VIOLATIONS, AND DAMAGES - 9

STEIN, SUDWEEKS & STEIN, PLLC
2701 FIRST AVE., SUITE 430
SEATTLE, WA 98121
PHONE 206.388.0660 FAX 206.286.2660

*Attorneys for Plaintiff*

| | |
|---|---|
| COMPLAINT FOR DECLARATORY RELIEF, BREACH OF CONTRACT, BAD FAITH, CONSUMER PROTECTION ACT VIOLATIONS, INSURANCE FAIR CONDUCT ACT VIOLATIONS, AND DAMAGES - 10 | STEIN, SUDWEEKS & STEIN, PLLC 2701 FIRST AVE., SUITE 430 SEATTLE, WA 98121 PHONE 206.388.0660 FAX 206.286.2660 |